UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

OXFORD BANK,

    Defendant.
_____/

Case No. 13-12698

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND SCHEDULING ORDER [17]**

    This breach of contract matter comes before the Court on Plaintiff's motion to amend its complaint to add a related claim, to allow it to add a witness to its earlier-filed witness list, and to extend the discovery period. That extension, Plaintiff asserts, will allow Defendant to conduct discovery on the newly added claims arising from a ninth residential mortgage loan and to take the deposition of the one witness Plaintiff wants to add to its witness list. Defendant opposes Plaintiff's motion, arguing that it will result in undue delay and prejudice caused by that delay. Plaintiff's motion is GRANTED. Federal Rule of Civil Procedure 15(a) provides that leave to amend is freely granted, and Defendant has not persuaded the Court that doing so will result in undue delay or prejudice. Moreover, the Court's Scheduling Order is hereby amended as discussed at the April 30, 2014 hearing on this motion.

**I.    Standard of Review - Rule 15(a) Motion for Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))).

Defendant does not argue that Plaintiff's proposed amendment would be futile. Rather, it argues Plaintiff's motion to amend should be denied because it is untimely and any delay in the resolution of this matter will prejudice it.

**II.  Analysis**

**A.  Plaintiff May File Its Proposed Amended Complaint**

In mid-June, 2013, Plaintiff U.S. Bank National Association ("U.S. Bank") brought this action against Defendant Oxford Bank alleging breach of contract and indemnification claims. The claims arise out of Defendant's alleged refusal to repurchase eight residential mortgage loans that U.S. Bank bought from Defendant pursuant to a contract. Under certain circumstances, that contract gives U.S. Bank the right to require Oxford Bank to repurchase the mortgage loans. This matter was transferred to this Court on June 19, 2013; and a Scheduling Order was issued on August 1, 2013 providing the following cutoff dates: Witness lists were due November 1, 2013, discovery was to be completed by

January 31, 2014, and the motion cutoff date was set for March 3, 2014. (ECF No. 12, Scheduling Order.)

In October 2013, Plaintiff's counsel learned that there was a ninth residential mortgage loan that Defendant Oxford Bank originated, U.S. Bank had purchased, and was now demanding that Defendant repurchase. Plaintiff argues here that judicial economy is better served if claims related to this ninth mortgage repurchase are added to this pending lawsuit rather than requiring Plaintiff to file a new, identical lawsuit. This Court agrees with Plaintiff. Even if another lawsuit were filed, it would inevitably be reassigned and consolidated with the current lawsuit. Despite Defendant's bald assertion to the contrary, consolidation would best serve the goal of judicial economy. The same contract is at issue and the same legal principles and arguments would apply if a new lawsuit were to be filed based on this ninth residential mortgage loan.

Defendant also argues that, if this Court allows Plaintiff to amend, it will be prejudiced by a delayed resolution of the claims asserted against it. Defendant also insists that Plaintiff should not be allowed to amend its complaint and add claims in February 2014 when discovery closed on January 31, 2014. Plaintiff, in its Reply and in its counsel's Declaration, explains that the delay in filing this motion is the result of Plaintiff's counsel's attempt to negotiate a stipulated amendment with Defendant's counsel that was accompanied by an offer to extend discovery. Once it became evident that a stipulated amendment was not possible, Plaintiff filed this motion to amend. (Pl.'s Reply., Ex. A, Seth Leventhal Declaration, ¶¶ 1-8.)

Defendant has not persuaded the Court that Plaintiff's motion to amend its complaint should be denied. As the Sixth Circuit observed in *Brooks*, "[d]elay by itself is not sufficient

reason to deny a motion to amend." 39 F.3d at 130 (internal quotation marks and citations omitted). Plaintiff's motion is GRANTED as to its request to file the proposed amended complaint.

### B. Plaintiff May Amend Its Witness List And Discovery Will Be Extended

Pursuant to the date set out in the Scheduling Order, the parties filed their witness lists on November 1, 2013. Defendant's witness list includes U.S. Bank employee, Ms. Khristina Onstott. Plaintiff's "preliminary" witness list did not include Ms. Onstott's name but does include "witnesses listed by Defendant." (ECF Nos. 14, 15 at ¶ 10, witness lists.) Then, during Defendant's January 14, 2014 deposition of a different U.S. Bank witness, Plaintiff became aware of Defendant Oxford Bank's defense strategy. Defendant Oxford Bank intended to attack U.S. Bank's and/or Freddie Mac's loss mitigation efforts with regard to the residential mortgage loans at issue in this lawsuit. (Pl.'s Mot., Ex. A, Seth Leventhal Declaration, ¶ 9.) In response, Plaintiff's counsel investigated who at U.S. Bank was best suited to respond to that defense and identified Ms. Khristina Onstott. (*Id.* at ¶ 10.) Plaintiff's counsel, noting that Ms. Onstott was on Defendant's witness list, sought Defendant's agreement to supplement its earlier-filed witness list by adding Ms. Khristina Onstott's name. On January 17, 2013, Plaintiff filed and served Defendant with its Supplemental/Amended Preliminary Witness List. (ECF No. 16.) Defendant objected and informed Plaintiff that it would object if Ms. Onstott were called to testify at trial. (*Id.* at ¶¶ 11-12.)

Plaintiff is now before the Court seeking its approval to add Ms. Khristina Onstott's name to its witness list. Despite Defendant's arguments to the contrary, there is no reason not to grant Plaintiff's request. Likewise, there is no reason not to extend the discovery

cutoff date in this matter, thus allowing Defendant to take Ms. Onstott's deposition and to conduct discovery related to the ninth residential mortgage loan at issue in Plaintiff's amended complaint.

## III. Conclusion

For the above-stated reasons, Plaintiff's motion is GRANTED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: May 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2014, by electronic and/or ordinary mail.

       s/Carol J. Bethel
       Case Manager